<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BANDY X. LEE, <br><br> *Plaintiff*, <br><br> v. <br><br> EVELYN NISSIRIOS, *et al.*, <br><br> *Defendants*. | Civil Action No. 25-01295 <br><br> **OPINION** <br><br> December 29, 2025 |

**SEMPER**, District Judge.

The current matter comes before the Court on Defendant Evelyn Nissirios's ("Nissirios") motion to dismiss the Amended Complaint (ECF 17, "FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF 23) and Defendants the Hon. Michael Antoniewicz, J.S.C.'s ("Judge Antoniewicz") and the Hon. Jane Gallina-Mecca, P.J.F.P's ("Judge Gallina-Mecca," and together with Judge Antoniewicz, the "Judicial Defendants") motion to dismiss the FAC pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (ECF 26). Plaintiff opposed Defendants' motions. (ECF 25; ECF 31.) Defendants filed briefs in reply. (ECF 28; ECF 37.) The Court also considers Defendant Nissirios's motion for sanctions (ECF 29), Plaintiff's opposition to the motion for sanctions (ECF 30), and Nissirios's reply in further support of the motion for sanctions. (ECF 35.) The Court reviewed all submissions in support and in opposition and decided the motions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, Defendants' motions to dismiss are **GRANTED** and Nissirios's motion for sanctions is **DENIED,** although the Court issues a warning to Plaintiff and her counsel against filing baseless claims against Nissirios.

1

I.       **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]

Plaintiff Bandy Lee brings this action stemming from Defendants' alleged deprivation of her constitutional rights in connection with her sister's divorce and child-custody case in Bergen County, New Jersey (the "State Court Action"). (*See* FAC ¶ 13.) Defendant Nissirios is the guardian *ad litem* for Plaintiff's niece and nephew in the State Court Action. (*Id.* ¶ 7.) Judge Antoniewicz and Judge Gallina-Mecca are Superior Court judges in New Jersey. (*Id.* ¶¶ 8, 9.) This is Plaintiff's second lawsuit against Defendants Gallina-Mecca and Nissirios related to the State Court Action. *See Lee v. Gallina-Mecca*, Docket No. 23-cv-06495. The first lawsuit was dismissed with prejudice on February 10, 2025. *See Lee v. Gallina-Mecca*, No. 23-06495, 2025 WL 444436, at *8 (D.N.J. Feb. 10, 2025).

Plaintiff alleges that she is a "forensic and social psychiatrist" who took a "keen interest" in the State Court Action. (FAC ¶¶ 4, 13.) Plaintiff, presumably due to this interest, "posted scores of articles about the case alleging bias and unfairness on Medium and Substack often using pejoratives to characterize Co-Defendant Nissirios' actions as guardian ad litem toward her niece and nephew." (*Id.* ¶ 13.) Following Plaintiff's postings "accusing Co-Defendant Nissirios of horrific acts" (*id.* ¶ 14), on December 5, 2024, Nissirios filed an application for a temporary restraining order against Plaintiff regarding Plaintiff's articles.[2] (*Id.* ¶ 15.) Nissirios obtained a temporary protective order before Judge Antoniewicz ordering Plaintiff to remove all posts regarding Nissirios (the "TPO").[3] (*Id.*) Although the TPO stated that Lee shall remove all posts

---

[1] When considering a motion to dismiss under Rule 12(b)(6), the Court is obligated to accept as true allegations in the complaint and all reasonable inferences that can be drawn therefrom. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989). The Court also considers any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

[2] That case is *Evelyn Nissirios v. Bandy Lee*, Superior Court of New Jersey, Chancery Division-Family Part, Bergen County, Docket No. FV-02-74-25. (FAC ¶ 15.)

[3] The Judicial Defendants note in their brief in support of their motion to dismiss that Nissirios filed her application pursuant to the New Jersey Victim's Assistance and Survivor Protection Act (VASPA), N.J. Stat. Ann. §§ 2C:14-13 to -21. (ECF 26-1 ("Judicial Defs. MTD Br.") at 4.) Under VASPA, a victim of stalking or cyber harassment can file

"by consent," Lee alleges that she had not consented to remove the posts and that she was "silenced from raising this objection by the Court clerk who muted her microphone." (*Id.* ¶ 16.) Although Plaintiff appears to acknowledge that her attorney consented to the removal of the posts, Plaintiff alleges that she did not authorize her attorney to consent to remove the posts and immediately dismissed her attorney after the TPO. (*Id.* ¶ 23.)

Because Plaintiff believes her posts about Nissirios are protected by the First Amendment, she did not remove her posts. (*Id.* ¶¶ 17-18.) On January 10, 2025, Judge Antoniewicz held Plaintiff in contempt for violating the TPO by declining to remove the posts about Nissirios and fined her $5,381.25 for counsel fees for Nissirios's attorney (the "Contempt Order"). (*Id.* ¶¶ 19-20.) At this hearing, Judge Antoniewicz allegedly prohibited Plaintiff from reiterating "the twin constitutional defenses she had previously raised against the December 5, 2024," including her argument that the TPO violated her First Amendment right to free speech. (*Id.* ¶ 20.) Following the contempt hearing, Plaintiff removed the posts related to Nissirios "under duress." (*Id.* ¶ 21.) Plaintiff then moved to recuse Judge Antoniewicz, who held a hearing on Plaintiff's motion on April 4, 2025. (*Id.* ¶ 22.) At this hearing, Judge Antoniewicz allegedly confirmed his view that Plaintiff did have prior opportunities to contradict her attorney on the consent issue yet did not do so. (*Id.* ¶ 23.) Plaintiff further alleges that Judge Gallina-Mecca then issued a protective order preventing Plaintiff from disclosing the audio recording of the April 4, 2025 hearing without written permission of the court (the "Protective Order"). (*Id.* ¶¶ 24-26.)

Plaintiff filed the instant action on February 17, 2025. (ECF 1.) Plaintiff filed her Amended Complaint on April 29, 2025. (ECF 17.) On May 27, 2025, Nissirios moved to dismiss (ECF 23) and on June 30, 2025 the Judicial Defendants moved to dismiss the FAC. (ECF 26.) On June 5,

---

an application for a temporary, ex parte protective order "when necessary to protect the safety and well-being of an alleged victim on whose behalf the relief is sought." N.J. Stat. Ann. § 2C:14-15(a).

2025, and July 15, 2025, respectively, Plaintiff filed oppositions to the motions to dismiss. (ECF 25, "Nissirios MTD Opp."; ECF 31, "Judicial Defs. MTD Opp.") On June 30, 2025, Nissirios filed a reply brief in further support of her motion to dismiss (ECF 28, "Nissirios MTD Reply") and on August 18, 2025, the Judicial Defendants filed a reply. (ECF 37, "Judicial Defs. MTD Reply.") On July 2, 2025, Nissirios also filed a motion for sanctions against Plaintiff. (ECF 29.) Plaintiff opposed that motion on July 9, 2025 (ECF 30, "Sanctions Opp.") and Nissirios filed a reply brief in further support on July 28, 2025. (ECF 35, "Sanctions Reply.")

The FAC includes four causes of action: violation of free speech against Nissirios (Count 1), Judge Antoniewicz (Count 2), and Judge Gallina-Mecca (Count 4); and denial of due process under 42 U.S.C. § 1983 ("Section 1983") against Judge Antoniewicz (Count 3). Plaintiff's FAC asked this Court to declare the TPO and Protective Order unconstitutional; enjoin Judge Antoniewicz from enforcing the TPO and Judge Gallina-Mecca from enforcing the Protective Order; and vacate the state court's decision holding Plaintiff in contempt of court. (FAC at 10.) Plaintiff also sought nominal damages. (*Id.*) On August 15, 2025, Plaintiff moved to amend her prayer for relief to remove her request for nominal damages against Judge Antoniewicz and Judge Gallina-Mecca and injunctive relief against Judge Antoniewicz. (ECF 32.) On August 11, 2025, the Court granted Plaintiff's motion to amend the prayer for relief in the FAC. (ECF 36.) The Court assesses the FAC in accordance with that order.

## II. THE MOTIONS TO DISMISS

### A. LEGAL STANDARD

#### i. Rule 12(b)(1)

Under Federal Rule of Civil Procedure ("Rule") 12(b)(1), a court must dismiss a claim if it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1); *Ballentine v. United States*, 486

F.3d 806, 810 (3d Cir. 2007). A Rule 12(b)(1) motion can raise a facial attack or a factual attack, which determines the standard of review. *Mazo v. Way*, 551 F. Supp. 3d 478, 489-90 (D.N.J. 2021) (citing *Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014); *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 632 (3d Cir. 2017)).

A facial attack "is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court because, for example, it does not present a question of federal law…or because some other jurisdictional defect is present." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). In reviewing a facial attack, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto in the light most favorable to the plaintiff." *Id.* at 358 (quotation omitted). A factual attack "concerns 'the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional perquisites.'" *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008) (quoting *U.S. ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007)). When considering a factual challenge, "the plaintiff [has] the burden of proof that jurisdiction does in fact exist," the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case," and "no presumptive truthfulness attaches to [the] plaintiff's allegations . . . ." *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

### ii. Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]" To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A

complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). The court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorably to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, No. 10-02945, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

### B. ANALYSIS

#### i. The *Rooker-Feldman* Doctrine

The Court first addresses Defendants' argument that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. (ECF 26-1 ("Judicial Defs. MTD Br.") at 12-17; ECF 23-1 ("Nissirios MTD Br.") at 13-16.) Plaintiff argues in response that the *Rooker-Feldman* doctrine has no application here since her constitutional claims were not decided by the state court, which

"stubbornly refused to decide them[.]" (Nissirios MTD Opp. at 3-4; *see also* Judicial Defs. MTD Opp. at 6-9.)

The Court agrees that Plaintiff's First Amendment claims against Judge Antoniewicz and Nissirios (Counts 1 and 2) are barred by the *Rooker-Feldman* doctrine and, as such, this Court lacks subject-matter jurisdiction over those claims. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (explaining that the Rooker-Feldman doctrine "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

Under the *Rooker-Feldman* doctrine, federal district courts "lack subject matter jurisdiction to review final adjudications of a state's highest court or to evaluate constitutional claims that are inextricably intertwined with the state court's [decision] in a judicial proceeding." *FOCUS v. Allegheny County Ct. of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996) (quotation omitted); *Lane v. New Jersey*, 725 F. App'x 185, 188 (3d Cir. 2018) ("The *Rooker-Feldman* doctrine deprives federal district courts of jurisdiction over lawsuits that essentially seek appellate review of state-court judgments."). For the *Rooker-Feldman* doctrine to apply, the following must be satisfied: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (quoting *Exxon Mobil Corp.*, 544 U.S. at 284).

The first and third prongs of the *Rooker-Feldman* doctrine are met as to Counts 1 and 2 of the FAC. Plaintiff lost in the state court action, and the judgment was rendered before Plaintiff

7

initiated this action.[4] (*See* FAC ¶¶ 15, 19-21 (alleging that the state court granted the TPO and held Plaintiff in contempt).) *See Damiani v. Wells Fargo*, Civ No, 16-8484, 2018 WL 1731347, at *5 (D.N.J. Apr. 10, 2018); *Ezell v. JPMorgan Chase Bank Nat'l Ass'n*, No. 18-1407, 2020 WL 525899, at *4 (D.N.J. Jan. 31, 2020). The Court rejects Plaintiff's argument that she did not lose in state court because no judgment was rendered specifically regarding her First Amendment and Due Process claims. (Nissirios MTD Opp. at 3-4; Judicial Defs. MTD Opp. at 8-9.) While the Court agrees with Plaintiff that the *Rooker-Feldman* doctrine is narrow, this argument is a superficial one. The gravamen of Plaintiff's FAC is that the December 5, 2024 TPO and Contempt Order were unconstitutional, as evidenced by Plaintiff's request that the Court declare the TPO and Contempt Order unconstitutional. (*See* FAC at 10.) Plaintiff's FAC puts the TPO and Contempt Order squarely at issue.

The second and fourth factors are most critical: whether Plaintiff is a "state-court loser[ ] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments*.*" *Great W. Mining*, 615 F.3d at 170–71 (citing *Exxon Mobil Corp.*, 544 U.S. at 284). As to the second factor, Plaintiff alleges to have suffered injuries caused by the state-court judgment. Specifically, Plaintiff claims that Judge Antoniewicz's judgment against her infringes upon her First Amendment right to free speech. (*See* FAC ¶¶ 28-29, 32-24.) In *Great Western*, the Third Circuit cited a hypothetical example of where *Rooker-Feldman* applies, which is analogous to the case presented here:

> Suppose a state court, based purely on state law, terminates a father's parental rights and orders the state to take custody of his son. If the father sues in federal court for the return of his son on grounds that the state judgment violates his federal substantive due-process

---

[4] Under the VASPA, a defendant can appeal a TPO within ten days of it being granted. N.J. Stat. Ann. § 2C:14- 15. Additionally, the Plaintiff also has a right to challenge the validity of a TPO at a final order hearing. N.J. Stat. Ann. § 2C:14-16. Plaintiff does not allege that she appealed the TPO. (*See generally* FAC.)

rights as a parent, he is complaining of an injury caused by the state judgment and seeking its reversal.

*Great W. Mining*, 615 F.3d at 166-67 (quoting *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 87 (2d Cir. 2005)). Like this example, here Plaintiff complains of injuries caused by the state court judgment and invokes her constitutional rights solely to seek its reversal.

The fourth factor, whether the Plaintiff is "inviting the district court to review and reject" the state court judgment, is also satisfied. *Great W. Mining*, 615 F.3d at 166. Plaintiff seeks a declaratory judgment that the TPO and Contempt Order are unconstitutional, which would in practice overturn those decisions. (FAC at 10.) "In short, Plaintiff's attempt to use the federal court system as a means of overturning judgments rendered in the State Court proceedings is an exercise expressly prohibited under the *Rooker-Feldman* doctrine." *Liu v. Lu*, No. 23-3819, 2024 WL 2750817, at *5 (D.N.J. May 29, 2024). Because all four factors are satisfied, the Court does not have subject matter jurisdiction over Counts 1 and 2.

The Court does not agree, however, that Plaintiff's First Amendment claim against Judge Gallina-Mecca (Count 4) and her due process claim against Judge Antoniewicz (Count 3) are barred by the *Rooker-Feldman* doctrine. These claims are injuries independent of (1) Judge Antoniewicz's order that Plaintiff remove her posts about Nissirios and (2) Judge Antoniewicz's decision to hold Plaintiff in contempt for violating that order. (*See* FAC ¶¶ 15, 18-20.) *See Great W. Mining*, 615 F.3d at 171 n.5 ("[E]ven if the state-court decision was justified, a plaintiff could nevertheless be entitled to some relief based on the violation of his or her due process rights, which is an independent injury."). "*Rooker-Feldman* does not present a jurisdictional bar to federal review when the plaintiff asserts not 'merely' that the 'state-court decisions were incorrect,' but that 'people involved in the decision violated some independent right[.]'" *Paloma v. Murphy*, No.

23-1036, 2024 WL 4903909, at *5 (D.N.J. Nov. 26, 2024) (quoting *Great W. Mining*, 615 F.3d at 172; citing *Geness v. Cox*, 902 F.3d 344, 361 (3d Cir. 2018)).

For the foregoing reasons, the Court dismisses Counts 1 and 2 of the FAC with prejudice.

### ii. Judicial Immunity

Plaintiff seeks declaratory judgment for Count 3, violation of due process against Judge Antoniewicz, and Count 4, violation of the First Amendment against Judge Gallina-Mecca.[5] Plaintiff also seeks injunctive relief against Judge Gallina-Mecca. The Judicial Defendants argue, among other points, that these claims should be dismissed because (a) Plaintiff improperly seeks retrospective relief for prior judicial acts (Judicial Defs. MTD Br. at 29-31); and (b) judges in their adjudicatory capacity are not proper defendants under 42 U.S.C. § 1983. (*Id.* at 34-35.)

"Neither absolute judicial immunity nor the Eleventh Amendment bar claims seeking prospective injunctive or declaratory relief against a state official." *Andrews v. Hens-Greco*, 641 F. App'x 176, 180–81 (3d Cir. 2016) (citing *Larsen v. Senate of Pa.*, 152 F.3d 240, 249 (3d Cir. 1998); *Wheeling & Lake Erie Ry. Co. v. Pub. Util. Comm'n of Pa.*, 141 F.3d 88, 91 (3d Cir. 1998)). However, "[a] § 1983 action for declaratory or injunctive relief that challenges the constitutionality of either a state statute or policy may not be brought against 'a judge who acts [in an adjudicatory capacity] as a neutral and impartial arbiter of [the law].'" *Malhan v. Katz*, 830 F. App'x 369, 370 (3d Cir. 2020) (quoting *Allen v. DeBello*, 861 F.3d 433, 440 (3d Cir. 2017)). Judges act in an adjudicatory capacity when they have no "personal or institutional stake on either side of [a]…controversy," "have played no role in [a] statute's enactment," and "have not initiated its enforcement." *Id.* (quoting *Allen*, 861 F.3d 433, 440). A judge is a proper defendant if, among others, he or she "acts as an enforcer or administrator of a statute," *id.* (citing *Allen*, 861 F.3d at

---

[5] The Court does not address Defendants' other arguments about judicial immunity, which relate to relief Plaintiff no longer seeks. (*See* Judicial Defs. MTD Br. at 24-28; ECF 36.)

10

440-42), or is in an "adverse" position to the parties, *id.* (quoting *Brandon E. ex rel. Listenbee v. Reynolds*, 201 F.3d 194, 199 (3d Cir. 2000)).

Judge Antoniewicz is immune from declaratory relief because the declaratory relief Plaintiff seeks with respect to Judge Antoniewicz is "solely retrospective in nature." *Andrews*, 641 F. App'x at 180–81. Plaintiff pleads that Judge Antoniewicz violated her due process rights by "prohibit[ing] Plaintiff from disavowing her lawyer's unauthorized consent to remove her postings regarding Co-Defendant Nissirios" and "refus[ing] to entertain Plaintiff's due process and First Amendment challenges to Co-Defendant Nissirios' January 10, 2025 contempt motion[.]" (FAC ¶ 36.) These allegations cover prior, not ongoing or future, conduct. Moreover, these allegations relate directly to Judge Antoniewicz courtroom practices and decisions, which are hallmarks of judicial action taken in an adjudicative capacity. *See Malhan*, 830 F. App'x at 370-71.

As for Judge Gallina-Mecca, Plaintiff's claim for injunctive relief fails because she did not allege that Judge Gallina-Mecca violated a declaratory decree or that declaratory relief was not available. *See* 42 U.S.C. § 1983 ("[I]njunctive relief against judicial officers for acts or omissions taken in the officer's judicial capacity shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.").

Plaintiff also fails to state a claim against Judge Gallina-Mecca for declaratory relief. First, it is not clear from the FAC whether Plaintiff seeks prospective declaratory relief. (*See* FAC; *id.* Ex. 2.) Second, as pled, the Court cannot discern if Plaintiff is "seeking declaratory relief in the true legal sense," particularly where, as here, Plaintiff "asks that the District Court 'declare' that [her] constitutional rights were violated." *Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (citing Fed. R. Civ. P. 57; 28 U.S.C. § 2201).

11

Third, the FAC does not sufficiently allege that Judge Gallina-Mecca acted as an enforcer or administrator of a statute. "[A] judge who acts as an enforcer or administrator of a statute can be sued under Section 1983 for declaratory or (if declaratory relief is unavailable) injunctive relief." *Allen*, 861 F.3d at 440 (citations omitted). Based on the FAC as pled, it is plausible that Judge Gallina-Mecca acted as a neutral arbiter when entering the Protective Order, which concerns the release of confidential material, after in-camera review. *Id.* (*See* FAC Ex. 2.) And unlike, for example, a gag order that "is administrative in character and concerns a 'non-merits issue,'" the Protective Order here arguably relates to merits issues, *i.e.*, Plaintiff's publication of information about Nissirios or motion to recuse Judge Antoniewicz. *Argen v. Att'y Gen. New Jersey*, No. 21-2571, 2022 WL 3369109, at *3–4 (3d Cir. Aug. 16, 2022) (citing *Bank of Hope v. Chon*, 938 F.3d 389, 392, 394 (3d Cir. 2019)). Moreover, the source of the Protective Order—whether mandated by VASPA, a Court rule, or something else—is not obvious to the Court from the FAC. Without further allegations regarding the source of the Protective Order, the Court cannot discern from the FAC support for an allegation that Judge Gallina-Mecca is an "enforcer[] or administrator[]" of a statute or court rule such that she is a proper defendant under Section 1983. *Listenbee*, 201 F.3d at 199. Based on the FAC as pled, Judge Gallina-Mecca is not a proper Defendant.[6]

For the foregoing reasons, the Court dismisses Counts 3 and 4 of the FAC.

### III.  MOTION FOR SANCTIONS

In addition to moving to dismiss the FAC, Nissirios also moves for Rule 11 sanctions against Plaintiff and her attorneys of record, Bruce Fein of the Law Offices of Bruce Fein, and Demetrios K. Stratis Ruta, Soulios & Stratis, LLP (collectively, "Plaintiff's Counsel"). (ECF 29-1, "Sanctions Br.," at 1.)

---

[6] Because the Court has dismissed all claims against all Defendants, the Court will not address the Judicial Defendants' other arguments in favor of dismissal included in their motion to dismiss (ECF 26).

Nissirios argues that sanctions are warranted under three subsections of Rule 11: (1) under Rule 11(b)(3) because the FAC is frivolous as against Nissirios (Sanctions Br. at 10-12); (2) under Rule 11(b)(2) because the FAC's cause of action against Nissirios is subject to a clear legal bar due to the *Rooker-Feldman* doctrine, as to which Plaintiff and Plaintiff's counsel was aware (*id.* at 12-15); and (3) under Rule 11(b)(1) because Plaintiff is using the lawsuit solely to harass Nissirios (*id.* at 15-19). Nissirios asks the Court to cover costs and fees she incurred in connection with this case and to impose non-monetary sanctions against Plaintiff's Counsel to deter them from engaging in similar conduct going forward. (*Id.* at 20.) Plaintiff's brief primarily disputes Nissirios's contention that her claim against Nissirios is frivolous. (*See generally* Sanctions Opp.)

### A. LEGAL STANDARD

Federal Rule of Civil Procedure 11(b) states:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). If a party or its counsel violates this provision, the opposing party may move for the imposition of sanctions, which may include nonmonetary directives or an order directing payment to the movant of "part or all of the reasonable attorney's fees and other expenses directly resulting from the violation," among others. Fed. R. Civ. P. 11(c).

13

The goal of Rule 11 is the "correction of litigation abuse." *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 483 (3d Cir. 1987). Rule 11 imposes on any party who presents "a pleading, motion, or other paper…an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing, and that the applicable standard is one of reasonableness under the circumstances." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 551 (1991). Reasonableness for purposes of Rule 11 is defined as an "objective knowledge or belief at the time of the filing of a challenged paper that the claim was well-grounded in law and fact." *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991) (citations and internal quotations omitted).

The Third Circuit has stated that finding cause for sanctions under Rule 11 "requires only negligence, not bad faith." *Wharton v. Superintendent Graterford SCI*, 95 F.4th 140, 147 (3d Cir. 2024). "[C]ourts can sanction lawyers for what they should have known, not just what they knew." *Id.* at 148. Moreover, "[l]awyers cannot avoid sanctions by unreasonably failing to investigate whether their factual [or legal] contentions have support." *Id.* (citation omitted).

Rule 11(c)(4) permits a court to impose sanctions "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c). Generally, sanctions are warranted "only in the 'exceptional circumstance' where a claim or motion is patently unmeritorious or frivolous." *Ford*, 930 F.3d at 289 (citing *Doering v. Union Cnty. Bd. Of Chosen Freeholders,* 857 F.2d 191, 194 (3d Cir. 1988)).

B. **ANALYSIS**

The Court has serious concerns about Plaintiff's and Plaintiff's Counsel's decision to bring suit against Nissirios. However, at this time, the Court will not impose sanctions and instead issues a warning to Plaintiff and Plaintiff's Counsel.

As to Rule 11(b)(2) and 11(b)(3), the allegations against Nissirios in the FAC have no evidentiary support. Plaintiff's own complaint admits that her web postings "accus[ed] Co-Defendant Nissirios of horrific acts[.]" (FAC ¶¶ 14.) An exhibit attached to Plaintiff's opposition to the Judicial Defendants' motion to dismiss represents that the blog posts about Nissirios included accusations that Nissirios "almost killed" Plaintiff's sister "via violent police raid"; "reckless[ly] endanger[ed] lives"; "stole [Plaintiff's sister's] children"; lied under oath; lied to law enforcement; and colluded with Plaintiff's ex-brother-in-law to cover up his crimes, including abuse, injury, and death (ECF 31-1 at 24-25, 35-36, 105-107), among many other accusations. Following these posts, Judge Antoniewicz issued a TPO under the New Jersey Victims' Assistance and Survival Protection Act. (FAC ¶¶ 14-15.)

Plaintiff, who has sued Nissirios at least once before in this Court for personal grievances related to her sister's custody dispute, *see Lee*, 2025 WL 444436, included Nissirios again in this federal lawsuit asserting that various state court actions violated her constitutional rights. Plaintiff's argument that Nissirios is a proper party under Section 1983 because she "acted jointly or in cooperation with Co-Defendant Antoniewicz to issue the TPO on December 5, 2024" to impose the TPO on Plaintiff strains credulity. (FAC ¶ 28.). As Nissirios points out, the FAC only includes two paragraphs that refer to Nissirios at all. (Sanctions Br. at 5-6; *see also* Sanctions Reply at 7-8.)

In her opposition to Nissirios's sanctions motion, Plaintiff offers that "cui bono supports an inference of joint action or cooperation, i.e., those who stand to benefit from a situation are likely to be responsible for it" and that both "Nissirios and Antoniewicz benefited from the unconstitutional TPO because both had been harshly criticized by Plaintiff in her posts and writings and had a common interest in retaliation." (Sanctions Opp. at 5, 8, 12.) While such a

15

baseless inference might be sympathetic coming from a *pro se* Plaintiff, Plaintiff here is represented by counsel. Under Rule 11, Plaintiff's Counsel had a responsibility to "adequately research" the claims in the FAC. *Sapp v. Premier Educ. Grp., LP*, No. 15-8591, 2016 WL 6434137, at *15 (D.N.J. Oct. 28, 2016). Plaintiff's Counsel do not argue that they did so (*see* Sanctions Opp.) and appear to argue only that they relied on the very blog posts that the state court ordered Plaintiff to remove (*see id.* at 9-12).[7]

In considering Nissirios's sanctions motion, the Court is mindful that "the main purpose of Rule 11 is to deter, not to compensate." *DiPaolo v. Moran*, 407 F.3d 140, 145 (3d Cir. 2005) (citing *Zuk v. E. Pennsylvania Psychiatric Inst. of the Med. Coll. of Pennsylvania*, 103 F.3d 294, 301 (3d Cir. 1996)). For now, the Court issues a warning to both Plaintiff and Plaintiff's Counsel. *See Shaikh v. Germadnig*, No. 23-2301, 2024 WL 2861845, at *4 (3d Cir. June 6, 2024) (citing Fed. R. Civ. P. 11(c)) ("[W]hile Rule 11 authorizes sanctions, it does not mandate them."); *see also Renex NY Corp. v. Supply Depot LLC*, No. 23-00489, 2023 WL 4580965, at *5 (D.N.J. July 18, 2023) (citation omitted) ("The imposition of Rule 11 sanctions is at the discretion of the district court."). Plaintiff and Plaintiff's Counsel are warned against filing another baseless claim against Nissirios. Although this is Plaintiff's second case against Nissirios in this court, previously Plaintiff was *pro se*. Plaintiff's Counsel, meanwhile, should know that federal court is not the appropriate forum for Plaintiff to hash out her personal grudge against Nissirios. However, because this is the first time Plaintiff's Counsel has been involved in filings against Nissirios in this court, the Court issues only a warning.

---

[7] Nissirios may also be correct that Plaintiff brought a claim against Nissirios solely to harass her in violation of Rule 11(b)(1). (Sanctions Br. at 15-19.) However, the Court finds it plausible that Plaintiff's main motive is to collaterally attack the TPO and believed, without appropriate guidance from her Counsel, that Nissirios should be included as a Defendant in that effort. Based on the record before the Court at this time, the Court cannot definitively conclude that Plaintiff brought a claim against Nissirios solely to harass her.

In the event Plaintiff or Plaintiff's Counsel files another baseless claim against Nissirios, the Court will consider sanctions, including monetary sanctions. Nissirios's motion for sanctions is denied without prejudice to renew the motion.

## IV.     CONCLUSION

For the reasons stated above, Nissirios's motion to dismiss (ECF 23) and the Judicial Defendants' motion to dismiss (ECF 26) are **GRANTED**. Plaintiff's claims against Nissirios and Judge Antoniewicz (Counts 1, 2, and 3) are dismissed with prejudice because further amendments would be futile. *See A & E Harbor Transp., Inc. v. Tri-Coastal Design Grp., Inc.*, 2021 WL 1840039, at *1 (D.N.J. May 7, 2021) ("Dismissal of a count in a complaint with prejudice is appropriate if amendment would be inequitable or futile.") "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000) (citation omitted). Even if Plaintiff amended her claims against Nissirios and Judge Antoniewicz, those claims would still be barred by the *Rooker-Feldman* doctrine and judicial immunity. The claim against Judge Gallina-Mecca (Count 4) is dismissed without prejudice.

Nissirios's motion for sanctions (ECF 31) is **DENIED**, but Nissirios may file a renewed motion for sanctions if appropriate.

An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:  Clerk
cc:    Leda D. Wettre, U.S.M.J.
       Parties

17