**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**BANDY X. LEE, an individual,**

     Plaintiff,

v.                          **CASE NO.: 2:25-cv-01295**

**EVELYN NISSIRIOS,**

**MICHAEL ANTONIEWICZ,** and

**JANE GALLINA-MECCA**         **SECOND AMENDED COMPLAINT**

     Defendants.

_____

**SECOND AMENDED COMPLAINT**

Plaintiff Bandy X. Lee, by and through undersigned counsels, alleges as follows:

**I. NATURE OF THE ACTION**

1. This is an action under 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, seeking prospective declaratory relief to remedy an ongoing First Amendment injury caused by the continued enforcement and threatened enforcement of a Protective Order that conditions Plaintiff's use and disclosure of an audio recording and/or transcript of an open, public court hearing without "express written permission of the court," backed by threatened sanctions. (See Exhibit 1; see also Exhibit 2)

2. Plaintiff does not seek appellate review of any state-court merits determination. Plaintiff seeks only forward-looking relief addressing the ongoing chilling effect and credible threat of sanctions arising from the continuing restraint embodied in the Protective Order and the policy and/or directive it implements. (See Exhibit 1; see also Exhibit 2)

## II. JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3) because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

4. This Court has jurisdiction to grant declaratory relief under 28 U.S.C. §§ 2201-2202 and Federal Rule of Civil Procedure 57.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to the claim occurred in Bergen County, New Jersey, within this District.

## III. PARTIES

6. Plaintiff Bandy X. Lee is an individual who resides in New York City.

7. Defendant The Hon. Jane Gallina-Mecca, P.J.F.P. is a Superior Court Judge of the State of New Jersey and, at all relevant times, served as Presiding Judge of the Chancery Division - Family Part, Bergen County. Defendant is sued only in her official capacity for prospective declaratory relief.

## IV. FACTUAL ALLEGATIONS

### A. The public hearing and the requested audio recording

8. On or about April 4, 2025, a hearing open to the public occurred in the Superior Court of New Jersey, Chancery Division - Family Part, Bergen County, before another judge (not Defendant). An audio recording of that proceeding was made. Plaintiff attended the hearing. It was open to the public. A journalist attended. At no time did the presiding judge close the hearing or bar attendee from speaking about what had been seen or heard. Exhibit 2.

9. Plaintiff requested a copy of the audio recording and/or transcript of that public proceeding.

**B. The Protective Order is a continuing gag restriction, backed by sanctions**

10. On or about April 17, 2025, Defendant issued a written Protective Order governing the release and use of materials including "Court Hearing" audio and/or transcript.

11. The Protective Order was issued on a standardized court form that states it was "Prepared By The Court" and bears administrative-directive identifiers, including: "Revised Form Promulgated by Directive #02-22 (04/06/2022), CN 10485" and "Redistributed with Directive #17-23 (09/11/2023)."

12. The Protective Order imposes ongoing restraints, including (among other things): (a) the materials "cannot be used in any other matter without the express written permission of the court"; (b) the information "cannot be disclosed to any other person for any reason, and cannot be given out or made public by any means, direct or indirect, without the express written permission of the court"; (c) the order states that violations "might be subject to sanctions" and that prohibited use "will be enforced by the court"; and (d) the order states that an audio and/or transcript "shall be released to Bandy Lee," while specifying that discussion and/or use is "strictly prohibited and shall be enforced by the Court," with sanctions threatened.

13. The Protective Order's restrictions are not time-limited, contain no clear standards governing whether "permission" will be granted, and threaten sanctions for noncompliance. The Protective Order was issued without notice or a hearing or any judicial finding that the prior restraint on speech was necessary or the least restrictive alternative to protecting a legitimate government interest.

**C. Defendant's administrative/enforcement role for purposes of prospective relief**

14. The Protective Order is not merely an ad hoc adjudicative ruling. It is issued on a standardized, directive-promulgated form (CN 10485) and expressly conditions access to and use

of hearing recordings and/or transcripts on compliance with an ongoing confidentiality regime requiring "express written permission of the court," with enforcement and sanctions threatened.

15. Defendant, as Presiding Judge of the Bergen County Family Part, issued the Protective Order in connection with Plaintiff's request for the audio and/or transcript. In this context, Defendant functioned as the official who administers and enforces the court's directive-based access and usage restrictions governing hearing recordings and/or transcripts and related confidential materials, including by: (a) imposing the permission-based disclosure restriction; (b) controlling (or directing court personnel who control) whether permission is granted; and (c) threatening sanctions and/or enforcement for use or disclosure without permission.

16. Defendant did not preside over April 4, 2025, hearing and had no adjudicative role in the underlying proceeding. The conduct challenged in this action is Defendant's post-hearing processing of Plaintiff's request for the audio recording and/or transcript and Defendant's imposition and maintenance of a permission-based restriction on Plaintiff's speech.

17. In issuing the Protective Order as a standardized, directive-promulgated conditioned on access to and use of a court record, Defendant acted as an administrator and gatekeeper over record dissemination - a ministerial/administrative function like a court reporter's preparation and distribution of a transcript not the resolution of a dispute between litigants.

18. Plaintiff seeks no damages. The only relief sought is prospective declaratory relief to prevent ongoing enforcement and threatened enforcement of the Protective Order's permission requirement and related sanction threats that chills the exercise of free speech rights of Plaintiff.

19. Because Defendant has the ongoing authority to maintain, enforce, and threaten enforcement of the Protective Order's restrictions (including by contempt and/or sanctions mechanisms),

Plaintiff faces a credible threat of enforcement if she uses or discloses the audio and/or transcript without permission.

**D. Ongoing injury and actual controversy**

20. Plaintiff desires to use, quote, and/or disclose the audio recording and/or transcript of an open public proceeding in lawful ways, including for speech to the public and for petitioning activity, without being forced to obtain standardless prior permission or face sanctions.

21. Plaintiff has refrained from such use and/or disclosure because the Protective Order threatens sanctions and states that disclosure is prohibited absent "express written permission of the court." This ongoing chilling effect constitutes an actual, present controversy appropriate for declaratory relief.

## V. COUNT 1

### 42 U.S.C. § 1983 - First Amendment - Prospective Declaratory Relief (Prior Restraint)

22. Plaintiff incorporates by reference the allegations above.

23. The First Amendment prohibits prior restraints on speech absent extraordinary justification, narrow tailoring, and adequate procedural safeguards.

24. The Protective Order - on its face and as applied to the audio recording and/or transcript of an open, public court proceeding - operates as a prior restraint by prohibiting disclosure and use "by any means" unless Plaintiff first obtains "express written permission of the court," without clear standards and under threat of sanctions.

25. Defendant, acting under color of state law and in her official capacity, maintains and threatens enforcement of this continuing restraint, thereby causing an ongoing and prospective violation of Plaintiff's First Amendment rights. The challenged conduct is administrative

enforcement of a record-dissemination restriction, not an adjudication of the merits of any underlying Family Part dispute.

26. Plaintiff seeks prospective declaratory relief clarifying the parties' legal rights and obligations going forward, including that the continuing enforcement and threatened enforcement of the Protective Order's permission-based speech restriction (as applied to the audio and/or transcript of an open public hearing) violates the First Amendment and is unenforceable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment:

A. Declaring, pursuant to 28 U.S.C. § 2201, that the Protective Order's continuing permission-based restriction on Plaintiff's use and/or disclosure of the audio recording and/or transcript of an open, public hearing - enforced and threatened to be enforced by Defendant - violates the First Amendment and is unenforceable to that extent;

B. Declaring that Defendant may not enforce, threaten to enforce, or maintain enforcement mechanisms (including sanctions and/or contempt threats) against Plaintiff based on Plaintiff's lawful use and/or disclosure of the audio recording and/or transcript of the open public proceeding, without a constitutionally sufficient, narrowly tailored, and procedurally adequate order;

C. Awarding Plaintiff reasonable attorneys' fees and costs under 42 U.S.C. § 1988 and any other applicable authority; and

D. Granting such other and further relief as the Court deems just and proper.


Dated: January 8, 2026

Respectfully submitted,

*/s/Bruce Fein*
Bruce Fein
Law Offices of Bruce Fein
300 New Jersey Avenue, N.W., Suite 300
Washington, D.C. 20001
Phone: 202-465-8728; 703-963-4968
Email: bruce@feinpoints.com
Counsel for Plaintiff Bandy Lee, via pro hac vice

Demetrios K. Stratis,
Esq. Ruta, Soulios &
Stratis, LLP
10-04 River Road
Fair Lawn, New Jersey 07410
Phone: 201-794-6200
Local Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing has been made on all parties

of record via this Court's electronic filing system, this 8th day of January 2026.

*/s/ Bruce Fein*
Bruce Fein

# EXHIBIT 1

**Prepared By The Court**

F,ₗₗ,,, E.꞉ .꞉ l".'i

APR 1 7 2025

*JANEGALLINA-MECCA,P.J.FP.*

Superior Court of New Jersey
Chancery Division - Family Part
County of <u>Bergen</u>                          E|
Docket Number: <u>FV-02-74-25</u>

---

<u>EVELYN F. NISSIRIOS</u>
Plaintiff

                              v.

<u>BANDY LEE</u>
Defendant

FV-02-76-25
**Civil Action**

**Protective Order**

THIS MATTER being opened to the Court, and it appearing that copies of the following confidential reports are being released to the attorneys and parties or the self-represented litigants:

D  Home Inspection Report                 ☐ Psychiatric Report
D  Social Investigation Report            D Risk Assessment
☐ Psychological Report                    ■ Court Hearing 4-15-25

and for good cause shown;

**It Is on This <u>17th</u> day of <u>April</u>        <u>12)</u> 2025 , Ordered that**

I.  Copies of these documents will be released to the attorneys or self-represented litigants;

    ■  After in camera review or

    D  With consent of  _____

2.  Copies of these documents will be released with the understanding that the information contained in the documents is to be used only for distribution to experts, attorneys and self-represented litigants in the pending:

    D  Custody/parent time case under Docket number(s)

    _____

    ■  Case under Docket number(s)
    FV-02-74-25 and FV-02-76-25

    D  Extreme Risk Protective Order case (N.J.S.A. 2C:58-30(a)) under Docket number(s)

    _____

3.  The documents cannot be used in any other matter without the express written permission of the court;

4. This information cannot be disclosed to any other person for any reason, and cannot be given out or made public by any means, direct or indirect, without the express written permission of the court;

   ■ The court has advised the parties on the record that they are prohibited from disclosing the records referenced in this order, and the parties acknowledged receiving the court's instructions;

5. The use of the information contained in the documents for any purpose other than stated by the court shall be a violation of this court order and might be subject to sanctions at the court's discretion.  Any other use of the contents of the documents that are the subject of this protective order is strictly prohibited and will be enforced by the court;

6. Upon disposition of the matter referenced in paragraph 2 above, the documents will be
   ☐ destroyed/ ☐ returned to _____;and

7. It **Is Further Ordered**
   That an audio/transcript of the reference court proceeding(s) shall be released to Bandy Lee, Defendant.  Any discuss10n with the chlld(ren) of the content of the aud1oltranscnpt that 1s the subJect of thIS Protective Order 1s strictly prohibited and shall be enforced by the Court. Sanctions will be imposed 1± necessary.

HON. JANE GALLINA-MECCA, P.J.F.P.

EXHIBIT 2

## DECLARATION OF BANDY LEE
## REGARDING THE PUBLIC NATURE OF THE APRIL 4, 2025, HEARING

**I, Bandy Lee, declare as follows:**

1. I am the defendant in *Evelyn Nissirios v. Bandy Lee*, FV-02-74-25.
2. On April 4, 2025, I was in personal attendance at the hearing presided over by Judge Michael Antoniewicz in the latter case.
3. At the start of the hearing, and on the record, Judge Antoniewicz stated that the hearing was *open to the public*.
4. At no time did Judge Antoniewicz state that the hearing was closed, sealed, restricted, or subject to any confidentiality or non-disclosure requirement.
5. No person—member of the public, press, or otherwise—was asked or ordered to leave the courtroom at any time.
6. Members of the public, including at least one member of the press, remained present throughout the hearing without restriction.
7. No protective order, sealing order, or restriction on dissemination of the proceedings was requested, announced, or entered during the hearing.
8. No one was barred from being a witness and producing an affidavit as to what occurred, should one choose to do so.
9. The hearing was therefore conducted as an open, public judicial proceeding.

      I hereby declare under penalty of perjury pursuant to 28 U.S.C. 1746 that the foregoing is true and correct.

      Executed this __7th__ day of January 2026.

Signature _____
              Bandy Lee