**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BANDY X. LEE,<br><br>*Plaintiff*,<br><br>v.<br><br>EVELYN F. NISSIRIOS, *et al.*,<br><br>*Defendants*. | Civil Action No. 25-1295<br><br>**OPINION**<br><br>September 9, 2026 |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court upon Defendant the Honorable Jane Gallina-Mecca, P.J.F.P.'s ("Defendant" or "Judge Gallina-Mecca") Motion to Dismiss Plaintiff Bandy Lee's ("Plaintiff") Second Amended Complaint. (ECF 42, "SAC"; ECF 45, "Motion" or "Mot.") The Court has decided the Motion upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, Defendant's Motion is **GRANTED** and Plaintiff's SAC is **DISMISSED** with prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

The following is an edited summary of the factual background of this action previously provided in this Court's December 29, 2025 Opinion granting Defendants' motions to dismiss. (ECF 38, "Op.")

[1] When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court is obligated to accept as true allegations in the complaint and all reasonable inferences that can be drawn therefrom. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989). The Court also considers any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

Plaintiff Bandy Lee brings this action stemming from Defendants' alleged deprivation of her constitutional rights in connection with her sister's divorce and child-custody case in Bergen County, New Jersey (the "State Court Action"). (*See* ECF 17, "FAC" ¶ 13.) Defendant Evelyn Nissirios ("Nissirios") is the guardian ad litem for Plaintiff's niece and nephew in the State Court Action. (*Id.* ¶ 7.) Defendants Judge Antoniewicz and Judge Gallina-Mecca are Superior Court judges in New Jersey. (*Id.* ¶¶ 8-9.) This is Plaintiff's second lawsuit against Defendants Nissirios and Judge Gallina-Mecca related to the State Court Action. *See Lee v. Gallina-Mecca et al.*, Docket No. 23-cv-6495. This Court dismissed her first lawsuit with prejudice on February 10, 2025. *Lee v. Gallina-Mecca et al.*, No. 23-6495, 2025 WL 444436, at *8 (D.N.J. Feb. 10, 2025). One week later, Plaintiff initiated the instant action on February 17, 2025. (ECF 1.)

Plaintiff alleges that she is a "forensic and social psychiatrist" who took a "keen interest" in the State Court Action. (FAC ¶¶ 4, 13.) Plaintiff, presumably due to this interest, "posted scores of articles about the case alleging bias and unfairness on Medium and Substack often using pejoratives to characterize Co-Defendant Nissirios' actions as guardian ad litem toward her niece and nephew." (*Id.* ¶ 13.) Following Plaintiff's postings "accusing Co-Defendant Nissirios of horrific acts," (*id.* ¶ 14), on December 5, 2024, Nissirios filed an application for a temporary restraining order against Plaintiff pursuant to the New Jersey Victim's Assistance and Survivor Protection Act, (the "VASPA action").[2] (*See id.* ¶ 15); N.J. Stat. Ann. §§ 2C:14-13 to -21. Under VASPA, a victim of stalking or cyber harassment can file an application for a temporary, ex parte protective order "when necessary to protect the safety and well-being of an alleged victim on

---

[2] That case is *Evelyn Nissirios v. Bandy Lee*, Superior Court of New Jersey, Chancery Division-Family Part, Bergen County, Docket No. FV-02-74-25. (*See* SAC, Ex. 1.)

whose behalf the relief is sought." § 2C:14-15(a). Nissirios obtained a temporary protective order before Judge Antoniewicz ordering Plaintiff to remove all posts regarding Nissirios (the "TPO"). (FAC ¶ 15.) Although the TPO stated that Plaintiff shall remove all posts "by consent," Plaintiff alleges that she had not consented to remove the posts and that she was "silenced from raising this objection by the Court clerk who muted her microphone." (*Id.* ¶ 16.) Although Plaintiff appears to acknowledge that her attorney consented to the removal of the posts, Plaintiff alleges that she did not authorize her attorney to consent to remove the posts and immediately dismissed her attorney after the TPO. (*Id.* ¶ 23.)

Because Plaintiff believes her posts about Nissirios are protected by the First Amendment, she did not remove her posts. (*Id.* ¶¶ 17-18.) On January 10, 2025, Judge Antoniewicz held Plaintiff in contempt for violating the TPO by declining to remove the posts about Nissirios and fined her $5,381.25 for counsel fees for Nissirios's attorney. (*Id.* ¶¶ 19-20.) At this hearing, Judge Antoniewicz allegedly prohibited Plaintiff from reiterating "the twin constitutional defenses she had previously raised against the December 5, 2024," including her argument that the TPO violated her First Amendment right to free speech. (*Id.* ¶ 20.) Following the contempt hearing, Plaintiff removed the posts related to Nissirios "under duress." (*Id.* ¶ 21.) Plaintiff then moved to recuse Judge Antoniewicz, who held a hearing on Plaintiff's motion on April 4, 2025. (*Id.* ¶ 22.) At this hearing, Judge Antoniewicz allegedly confirmed his view that Plaintiff did have prior opportunities to contradict her attorney on the consent issue yet did not do so. (*Id.* ¶ 23.)

Plaintiff contends that the April 4, 2025 hearing before Judge Antoniewicz was open to the public and she later requested a copy of the audio recording and/or transcript. (SAC ¶¶ 8-9.) Plaintiff alleges that on April 17, 2025, Judge Gallina-Mecca (1) released the audio recording and/or transcript and (2) issued a protective order preventing Plaintiff from disclosing them

without written permission of the court (the "Protective Order"). (*Id.* ¶¶ 10-12.) Plaintiff claims that the Protective Order imposes "ongoing restraints" that are not time-limited and threatens Plaintiff with sanctions for noncompliance. (*Id.* ¶¶ 12-13.) She further contends that Judge Gallina-Mecca issued the Protective Order "without notice or a hearing or any judicial finding that the prior restraint on speech was necessary or the least restrictive alternative to protecting a legitimate government interest." (*Id.* ¶ 13.) Finally, Plaintiff also alleges that Judge Gallina-Mecca did not have an adjudicative role in the underlying proceeding and therefore acted as "an administrator and gatekeeper over record dissemination." (*Id.* ¶¶ 16-17.)

On April 29, 2025, Plaintiff amended her complaint, adding Judge Gallina-Mecca as a defendant. (FAC.) Defendants Nissirios and Judge Antoniewicz moved to dismiss, and on December 29, 2025, this Court dismissed Plaintiff's FAC against them with prejudice. (Op.) Defendant Judge Gallina-Mecca also moved to dismiss, and this Court dismissed without prejudice as to her. (*Id.*) With leave from the Court, Plaintiff filed her Second Amended Complaint on January 20, 2026. (SAC.) The SAC contains one count against Judge Gallina-Mecca pursuant to 42 U.S.C. § 1983: a continuing violation of free speech. (*Id.*) Plaintiff seeks prospective declaratory relief—she asks this Court to declare the Protective Order unconstitutional and prevent future enforcement. (*Id.*) On February 12, 2026, Defendant moved to dismiss the SAC. (Mot.) On February 23, 2026, Plaintiff filed her opposition brief. (ECF 46, "Opp.") On March 9, 2026, Defendant replied. (ECF 47, "Reply.")

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(1)

"When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." *Dickerson v. Bank of Am., N.A.*, No.

12-3922, 2013 WL 1163483, at *1 (D.N.J. Mar. 19, 2013) (citing *In re Corestates Trust Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993)). In considering dismissal for lack of subject matter jurisdiction, a district court's focus is not on whether the factual allegations entitle a plaintiff to relief, but rather on whether the court has jurisdiction to hear the claim and grant relief. *Maertin v. Armstrong World Indus., Inc.*, 241 F. Supp. 2d 434, 445 (D.N.J. 2002).

Rule 12(b)(1) motions may challenge subject matter jurisdiction based upon the face of the complaint or its underlying facts. *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009); *Pittman v. Metuchen Police Dept.*, No. 08-2373, 2009 WL 3207854, at *1 (D.N.J. Sept. 29, 2009) (citing James Wm. Moore, 2 Moore's Federal Practice § 12.30[4] (3d ed. 2007)). A facial attack questions the sufficiency of the pleading and requires the trial court to accept the allegations in the complaint as true. *Common Cause of Pa.*, 558 F.3d at 257; *Pittman*, 2009 WL 3207854, at *1. A factual attack, by contrast, calls upon the court to weigh the evidence. *Pittman*, 2009 WL 3207854, at *1.

Here, Defendant asserts the defense of *Younger* abstention based on the pleadings, thereby raising a facial attack. *See Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (noting that a Rule 12(b)(1) motion filed before "any answer to the Complaint or otherwise presented competing facts" is, "by definition, a facial attack"). Accordingly, "the Court must consider the allegations of the complaint as true," much like a Rule 12(b)(6) motion to dismiss. *Bd. of Trs. of Trucking Emps. of N. Jersey Welfare Fund, Inc. v. Caliber Auto Transfer, Inc.*, No. 09-6447, 2010 WL 2521091, at *8 (D.N.J. June 11, 2010) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006)).

**B. Federal Rule of Civil Procedure 12(b)(6)**

Rule 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." For a complaint to survive dismissal under the rule, it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

When a plaintiff files a complaint *pro se*, their "pleadings must be liberally construed." *Alexander v. Gennarini*, 144 F. App'x 924, 926 (3d Cir. 2005). The arguments of *pro se* litigants "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Courts must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. *Phillips v. Ctny. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). However, when a Plaintiff alleges legal conclusions disguised as factual assertions, or factual assertions that are otherwise unreasonable, the court is under no obligation to accept such allegations as true. *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007) (holding a court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations"). If, after reviewing the pleadings, a court determines that a plaintiff failed to establish

a claim and construed all reasonable facts and inferences in favor of the plaintiff, the court may dismiss the complaint for failure to state a claim upon which relief can be granted. *Stringer v. Bureau of Prisons, Fed. Agency*, 145 F. App'x 751, 2005 WL 2009019, at *1 (3d Cir. 2005).

## III. ANALYSIS

In the SAC's first and only count, Plaintiff alleges a 42 U.S.C. § 1983 claim against Defendant. (SAC ¶¶ 22-26.) Section 1983 does not provide substantive rights; rather, it provides a vehicle for vindicating violations of other federal rights. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (citation omitted). To state a § 1983 claim, a plaintiff must demonstrate that (1) a person deprived her of a right secured by the Constitution or federal law; and (2) the person who deprived her of that right acted under color of state law. *Velez v. Fuentes*, No. 15-6939, 2016 WL 4107689, at *2 (D.N.J. July 29, 2016) (citation omitted).

First, Plaintiff alleges Defendant is depriving her of her First Amendment right to speech without prior restraint through Judge Gallina-Mecca's issuance of the Protective Order. (*See* SAC ¶¶ 22-26.) Second, Plaintiff claims Defendant is a person who acted in her official capacity as a state court judge. (*Id.* ¶ 25.) However, an entity that is an arm of the state may not qualify as a "person" under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). Additionally, the Third Circuit has found that when judicial defendants have acted in an adjudicatory capacity, they are not proper defendants in § 1983 litigation. *See Allen v. Debello*, 861 F.3d 433, 442 (3d Cir. 2017).

Here, Plaintiff alleges Defendant acted in an administrative or enforcement role when issuing the Protective Order, and is therefore a proper defendant. (SAC ¶¶ 14-19); *see also Allen*, 861 F.3d at 440 ("[A] judge who acts as an enforcer or administrator of a statute can be sued under Section 1983 for declaratory or (if declaratory relief is unavailable) injunctive relief."). And

Defendant does not appear to dispute that she acted in a non-judiciary capacity. (*See* Mot.; *see also* Op. at 12 ("[I]t is plausible that Judge Gallina-Mecca acted as a neutral arbiter when entering the Protective Order, which concerns the release of confidential material, after in-camera review … the Protective Order here arguably relates to merits issues, *i.e.*, Plaintiff's publication of information about Nissirios …." (citations omitted))). Rather, Defendant raises two grounds for dismissing Plaintiff's SAC: (1) this Court should abstain from exercising jurisdiction under the *Younger* doctrine and (2) Plaintiff has failed to state a viable claim because there is no First Amendment right to disseminate confidential state court records. (*See* Mot.) The Court starts with *Younger* abstention.[3] *See Dickerson*, 2013 WL 1163483, at *1; *Silver v. Ct. of Common Pleas of Allegheny Cnty.*, 802 F. App'x 55, 58 (3d Cir. 2020) (noting that *Younger* abstention is a "natural starting point" amongst threshold issues).

**A. *Younger* Abstention Bars Plaintiff's Claim.**

"*Younger* abstention operates as an exception to a federal court's 'virtually unflagging' obligation to hear and decide cases over which it has jurisdiction." *Silver*, 802 F. App'x at 58 (citing *Sprint Commc'ns., Inc. v. Jacobs*, 571 U.S. 69, 77 (2013)). In *Sprint*, the Supreme Court of the United States concluded that *Younger* "applies to only 'three exceptional categories' of proceedings: (1) 'ongoing state criminal prosecutions'; (2) 'certain civil enforcement proceedings'; and (3) 'pending civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions.'" *Malhan v. Sec'y U.S. Dep't of*

[3] Because the Court dismisses Plaintiff's SAC on *Younger* abstention grounds, it refrains from addressing any Rule 12(b)(6) grounds—including whether Judge Gallina-Mecca acted in a judiciary or non-judiciary capacity. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (noting that a federal court need not "decide whether the parties present an Article III case or controversy before abstaining under *Younger*.").

*State*, 938 F.3d 453, 462 (3d Cir. 2019) (quotations omitted) (citing *Sprint*, 571 U.S. at 78-79). If a court finds that the state proceeding fits into one of the above exceptional categories, only then must it consider the additional *Middlesex* factors: whether "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Id.* (quoting *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989)) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

**1. *Sprint's* Exceptional Categories**

The Protective Order fits into *Sprint's* third exceptional category. In *Silver*, the Third Circuit found *Sprint's* third exceptional category applicable where a state court order (1) "governs the post-judgment conduct of … litigants" and (2) "preserve[s] the state court's power to further one of its uniquely judicial functions—[such as] … protecting the best interests of" an individual whom the court has a duty to protect. *See* 802 F. App'x at 58. There, the Third Circuit affirmed a district court's abstention under *Younger* where a mother and her attorney challenged the constitutionally of a state court gag order issued in a child custody case that prohibited post-judgment public discussion of the case. *Id.* at 59.

First, Defendant argues that the Protective Order governs the post-TPO judgment conduct of Plaintiff, who is a litigant in the VASPA action. (*See* Mot. at 14; SAC, Ex. 1.) Second, the Protective Order protects the best interests of Nissirios, who the state court had a duty to protect once she filed for, and the court issued, a TPO under VASPA. (*See* Mot. at 14-15; FAC ¶¶ 14-16); *see also* N.J. Stat. Ann. §§ 2C:14-14 to -19. In response, Plaintiff argues that the Protective Order does not fall under an exceptional category because there is no ongoing state proceeding in

which Plaintiff could challenge the Protective Order. (*See* Opp. at 3.)

"To promote comity between the national and state governments, *Younger* requires federal courts to abstain from deciding cases that would interfere with certain ongoing state proceedings." *Malhan*, 938 F.3d at 461 (citing *Sprint*, 571 U.S. at 77-78). As noted in *Silver*, under *Sprint's* third exceptional category, a district court must abstain where there is a state court order that governs litigants' post-judgment conduct to preserve the state court's judicial power of protecting a victim's interests because the district court's decision "would interfere with" an "ongoing state proceeding[]." *See id.*; *Silver*, 802 F. App'x at 58. Here, the Protective Order restrains Plaintiff from publicly disseminating the contents of a transcript and audio recording of the April 4, 2025 hearing in the VASPA action. (*See* SAC Ex. 1.) Specifically, Judge Gallina-Mecca ordered the release of copies of the transcript and audio recording to Plaintiff "with the understanding that the information contained in the documents is to be used only for distribution to experts, attorneys and self-represented litigants in the pending [VASPA action]" and "cannot be disclosed to any other person for any reason, and cannot be given out or made public by any means, direct or indirect, without the express written permission of the court." (*Id.*)

The Court finds that the Protective Order governs Plaintiff's post-judgment conduct and preserves the state court's power to protect Nissirios, a victim who sought and obtained state court relief in the form of the TPO due to Plaintiff's alleged cyber harassment and stalking.[4] *See Evelyn*

[4] Plaintiff has stated that she "desires to use, quote, and/or disclose the audio recording and/or transcript … for speech to the public and for petitioning activity." (SAC ¶ 20.) Like New Jersey's Prevention of Domestic Violence Act ("PDVA"), N.J. Stat. Ann. § 2C:25-33, VASPA grants confidentiality, stating that "all records maintained pursuant to [VASPA] shall be confidential and shall not be made available to any individual or institution except as otherwise provided by law." N.J. Stat. Ann. § 2C:14-19. A state judge's ability to issue a protective order governing the dissemination of records of a hearing in a VASPA action furthers the judicial function of effectuating a statutory purpose: affording victims maximum protection. *Cf. J.C. v. M.C.*, 103 A.3d 318, 321 (N.J. Super. Ct. Ch. Div. 2013) (noting that "the common purpose" of PDVA's

*Nissirios v. Bandy X. Lee*, Docket No. FV-02-74-25. That Plaintiff labels the Protective Order as a prior restraint on speech—not a gag order, (*see* Opp. at 3), does not alter the outcome. *See, e.g.*, *Shawe v. Bouchard*, No. 20-1770, 2021 WL 1380598, at *16 (D. Del. Apr. 12, 2021) (abstaining under *Sprint's* third exceptional category after finding that confidentiality orders restricting public dissemination of records are similar to the gag order analyzed in *Silver* because they "govern the conduct of parties and allow courts to protect the integrity of their proceedings, and are therefore central to the administration of judicial functions"). Therefore, this Court's decision in the instant action would interfere with the state court's VASPA action. *See Malhan*, 938 F.3d at 461; *Silver*, 802 F. App'x at 58. Accordingly, the Protective Order falls under *Sprint's* third exceptional category as an order that is "uniquely in furtherance of the state courts' ability to perform their judicial functions" in a "pending civil proceeding[]." *See Malhan*, 938 F.3d at 461.

**2. *Middlesex* Factors**

Having determined that this matter fits into *Sprint's* third exceptional category, the Court turns to the *Middlesex* factors, and finds that each factor favors abstention. As noted, the Court considers whether "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *See id.* at 462.

First, the VASPA action is a judicial proceeding in New Jersey Family Court. *See Kendall v. Russell*, 572 F.3d 126, 131 (3d Cir. 2009) ("[P]roceedings may be judicial in nature if they are initiated by a complaint, adjudicative in nature, governed by court rules or rules of procedure, or

---

"multiple confidentiality provisions is 'to assure the victims of domestic violence the maximum protection from abuse the law can provide'" … because "[t]o be left alone is, in essence, the basic protection the law seeks to provide victims seeking protection").

employ legal burdens of proof."). And at the time Plaintiff filed her original complaint in this Court, it was ongoing. (*Compare* ECF 1 (complaint filed on February 17, 2025), *with* SAC ¶ 8 (April 4, 2025 hearing before the presiding Judge in the VASPA action)); *see Altice USA, Inc. v. N.J. Bd. of Pub. Utilities*, 26 F.4th 571, 579 (3d Cir. 2022) ("'[S]tate proceedings are ongoing for *Younger* abstention purposes' ... if the state proceeding 'was pending at the time [the plaintiff] filed its initial complaint in federal court.'"). Second, the VASPA action implicates important state interests, such as protecting victims of cyber harassment and stalking. *See Drake v. Filko*, 724 F.3d 426, 437 (3d Cir. 2013) ("The State of New Jersey has, undoubtedly, a significant, substantial and important interest in protecting its citizens' safety.").

Finally, "the state proceedings afford an adequate opportunity" for Plaintiff to "raise federal claims." *See Malhan*, 938 F.3d at 462. Although Plaintiff states that she cannot "challenge the constitutionality" of the Protective Order in an ongoing state proceeding, (*see* Opp. at 3), she bears the "burden of showing 'that state procedural law barred presentation of [her] claims.'" *Figueroa v. Superior Ct. of New Jersey*, No. 21-9970, 2022 WL 190667, at *4 (D.N.J. Jan. 21, 2022) (quoting *Greco v. Bruck*, No. 21-1035, 2021 WL 5276674, at *3 (3d Cir. Nov. 12, 2021)). Defendant argues that "Plaintiff may pursue her constitutional challenges to the Protective Order through the more proper procedures in state court, such as by appealing that Order pursuant to N.J. Ct. R. 2:2-3." (Mot. at 15.)

The Court finds that Plaintiff did not show a bar to raising her federal claim in a state court appeal, and it appears Plaintiff could have sought interlocutory review of the Protective Order. *See Payton v. New Jersey Tpk. Auth.*, 148 N.J. 524, 534 (1997) (noting procedural history where a plaintiff "sought interlocutory relief in the Appellate Division, which granted leave to appeal and vacated [a] protective order"); *see also Foster v. New Jersey Div. of Child Prot. and Permanency*,

No. 17-13572, 2018 WL 6069632, at *15 (D.N.J. Nov. 20, 2018) (declining to exercise jurisdiction where "there [wa]s no reason why Plaintiff [could] not raise his constitutional claims in the ongoing state proceedings" or "take an appeal within the state court system").

### 3. *Younger* Exceptions

Even where the *Middlesex* factors are met, however, this Circuit has held that *Younger* abstention is inappropriate if a "federal plaintiff can establish that (1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute, such that deference to the state proceeding will present a significant and immediate potential for irreparable harm to the federal interests asserted." *See Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989). Neither exception applies here.

Plaintiff contends that abstention is inappropriate because the Protective Order, which Plaintiff alleges is a "prior restraint of non-confidential public information," is "'flagrantly and patently violative of express constitutional prohibitions.'" (Opp. at 3 (quoting *Younger v. Harris*, 401 U.S. 37, 53 (1971)).) Plaintiff argues that the April 4, 2025 hearing was open to the public and therefore its contents are non-confidential, and a prior restraint is presumptively unconstitutional. (*See id.* at 2-3 (citing *New York Times v. United States*, 403 U.S. 713, 730 (1971)).) Defendant argues that court records of a VASPA proceeding are confidential and inaccessible to the general public as a matter of law, even if the actual proceeding was held in open court, and the Protective Order does not violate any First Amendment right. (*See* Reply at 4-8; *see also supra* at 10 n.4.)

The Court finds that this is not a situation where abstention would "present a significant and immediate potential for irreparable harm" to Plaintiff's First Amendment interests. *See Schall*,

885 F.2d at 106. "[T]he First Amendment does not prohibit all restraints on expression, 'freedom of speech does not comprehend the right to speak on any subject at any time.' A litigant has no First Amendment right to publish information made available only for purposes of trying his suit …." *First Amend. Coal. v. Jud. Inquiry & Rev. Bd.*, 784 F.2d 467, 478 (3d Cir. 1986) (internal citation omitted) (noting that the restraint on speech extending only to information gained through litigation was "an important consideration"). Here, the Protective Order concerns a restraint on Plaintiff's right to disseminate records from the VASPA action that she obtained from the state court due to her status as a litigant. (*See* SAC, Ex. 1.) Accordingly, the Protective Order is not "flagrantly and patently violative of [the First Amendment]" and *Younger* abstention is appropriate. *See Younger*, 401 U.S. at 53.

## IV. CONCLUSION

For the reasons stated above, this Court lacks jurisdiction over this case pursuant to the *Younger* abstention doctrine. Defendant's Motion to Dismiss is **GRANTED**. Because further amendment is futile, Plaintiff's Second Amended Complaint is **DISMISSED** with prejudice. *See, e.g.*, *Kurelko v. Ballard*, No. 25-14114, 2026 WL 2449442, at *5 (D.N.J. Aug. 21, 2026) (dismissing previously amended claims with prejudice on futility grounds due to *Younger* abstention); *Mutarambirwa v. Twp. of W. Orange*, No. 20-6155, 2026 WL 1113853, at *9 (D.N.J. Apr. 24, 2026) (same). An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
cc: Leda D. Wettre, U.S.M.J.
Parties